# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRANDON BERKENFELD, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 1:16-cv-01227-PX |
| GARY R. LENET, *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION & ORDER

Plaintiffs Brandon Berkenfeld, Barbara Holland-Eytan and Sandra Ricki Diamond ("Plaintiffs") bring this professional negligence suit against defendants Gary Lenet and Morgan Stanley & Co., LLC ("Defendants"). The case is presently set for trial, although the parties disagree as to whether Plaintiffs adequately preserved their right to a jury trial. The Court has reviewed all relevant pleadings and finds no hearing necessary. *See* Loc. R. 105.6. For the following reasons, the request for jury trial is GRANTED.

On February 25, 2016, Plaintiffs initially filed suit in the Circuit Court for Baltimore City but did not pray a jury trial in its initial pleadings. ECF Nos. 2, 2-2. On April 25, 2016, Defendants noted removal. ECF No. 1. The parties thereafter litigated motions to remand and dismiss. They were also referred for settlement discussions.

After the motions to remand and dismiss were denied, the Court issued a Scheduling Order on February 23, 2017, which required the parties to address in a written status report "whether the case is to be tried jury or non-jury and the anticipated length of trial." ECF No. 39 at 3. Defendants did not file their Answer to the Complaint until May 16, 2017, nearly thirteen months after the case was removed. ECF No. 41.

1

On June 6, 2017, both parties filed timely written status reports, per the Court's order. ECF Nos. 44, 45. Plaintiffs' status report states that "Plaintiffs, Brandon Berkenfeld, Barbara Holland-Eytan and Sandra Diamond . . . elects [sic] to have this case tried before a jury." ECF No. 45 at 2. This status report was filed using the Court's Electronic Filing System (ECF) and thus was served properly. *See* Fed. R. Civ. P. 5(b)(2)(E).

At the close of discovery, Defendants moved for summary judgment in their favor which this Court granted. The Court determined that although genuine issues of disputed fact existed as to Defendants' negligence, summary judgment was nonetheless proper because no reasonable jury could disagree that Plaintiffs were contributorily negligent. ECF Nos. 53, 54. The United States Court of Appeals for the Fourth Circuit reversed and remanded, holding that sufficient factual disputes existed to allow a finder of fact at trial to reach the question of contributory negligence. ECF No. 59. Accordingly, the case is now set for trial before this Court to begin February 24, 2020. ECF No. 67 at 2.

"The right of trial by jury as declared by the Seventh Amendment to the Constitution . . . is preserved to the parties inviolate." Fed. R. Civ. P. 38(a). A jury trial right, therefore, is fundamental, and the Court must engage every presumption against waiver of that right. *See Burns v. Lawther,* 53 F.3d 1237, 1240 (11th Cir. 1995).

Rule 38 of the Federal Rules of Civil Procedure governs the process for either party to demand a jury trial. The rule provides that a party may demand a jury trial by:

> **(1)** serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and
>
> **(2)** filing the demand in accordance with Rule 5(d).

Fed. R. Civ. P. 38(b).

Because Defendants removed this case, the Court must also consider Rule 81(c)(3), which provides that where no express jury trial demand was made below,

> **(B)** . . . If all necessary pleadings[1] have been served at the time of removal, a party entitled to a jury trial under Rule 38 must be given one if the party serves a demand within 14 days after:
>
> > **(i)** it files a notice of removal; or
> >
> > **(ii)** it is served with a notice of removal filed by another party.

Fed. R. Civ. P. 81(c)(3)(B).

Defendants removed the case on April 25, 2016, but did not file their Answer until May 16, 2017. Accordingly, because no answer had been filed before removal, Rule 81(c) "is not implicated here." *Macsherry v. Sparrows Point, LLC*, No. ELH-15-22, 2017 WL 5591798, at *3 (D. Md. Nov. 17, 2017) ("[B]ecause the defendant 'had not filed its answer before it removed the case, [the plaintiff] was entitled to demand a jury trial' under" Rule 38(b).) (quoting *Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1063 (9th Cir. 2005)); *see also* Wright & Miller, 9 Fed. Prac. & Proc. Civ. § 2319 (3d ed.) (Rule 81(c) "applies only if all the necessary pleadings have been served in the state court proceeding prior to removal. If they have not, the usual provisions of the Federal Rules, particularly Rule 38(b)" apply). Thus, Rule 38(b) controls whether Plaintiffs timely demanded a jury trial.

Plaintiffs contend that the status report put Defendants on notice of their jury trial demand. But this notice, even if construed as a demand, issued after the 14-day timeline provided under Rule 38(b). Plaintiffs "elected" a jury trial in its June 6, 2017 status report, 20 days after the Answer was filed. Accordingly, as a technical matter, Plaintiffs did not meet the requirements of Rule 38(b) to preserve the jury trial request under that rule.

---

[1] Rule 7(a) defines "pleadings" as, among other documents, an answer to a complaint. Fed. R. Civ. P. 7(a)(2).

That said, waiver of a fundamental and "inviolate" right to try one's case to a jury should not turn on a deadline missed by a matter of days. This is especially so where the docket reflects several stops and starts to accommodate settlement discussions, pretrial dispositive motions, and other procedural complexities.

Rule 39 provides that where a jury trial "is not properly demanded," the Court may nonetheless "on motion" order "a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). When considering a motion brought pursuant to Rule 39(b), the Court balances the following factors: (1) whether the issues are more appropriate for determination by a jury or judge, (2) any prejudice caused by granting the motion to the opposing party, (3) timing of the motion, and (4) the effect that granting the motion may have on the court's docket and the orderly administration of justice. *See Malbon v. Penn. Millers Mut. Ins. Co.*, 636 F.2d 936, 940 n.11 (4th Cir. 1980); *see also Mosbriantanha v. Patchlink Corp.* No. DKC 2007-0211, 2007 WL 4557851, at *2 (D. Md. Dec. 21, 2007).

Each factor in this case favors granting the motion. First, the issues for trial focus primarily, if not exclusively, on *factual disputes*, thus tilting in favor of granting the motion. Second, as to prejudice, Defendants raise only the cost associated with preparing for a jury instead of a bench trial. But these costs are inherent in the *right* to a jury trial and would have to be absorbed by both sides if a proper demand had been made. Simply because Defendants have been denied a modest cost *savings* does not amount to prejudice sufficient to eschew Plaintiffs' jury trial right. Third, as to timing of the motion, this factor is of little moment given that the Plaintiffs effectively notified the Court and Defendants of their desire for a jury trial over two years ago, and only a few weeks after Defendants filed their Answer. Fourth and finally, granting a jury trial would do no violence to the Court's calendar given that the current Pretrial

4

Scheduling Order accounted for the potentiality that the case may be tried before a jury. Plaintiffs have persuaded the Court that their failure to make a timely jury trial demand should not deprive them of their right to a jury trial in this case.

Accordingly, it is this 15th day of August 2019, by the United States District Court for the District of Maryland, ORDERED that the motion for order of jury trial (ECF No. 64) BE, and the same hereby IS, GRANTED.

The previously issued Scheduling Order (ECF No. 67) shall remain in full effect.

/s/
Paula Xinis
United States District Judge